IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | Chapter 11 |
| : | Case No. 09-13113 (MFW) |
| GigaBeam Corp.,[1] : | |
| : | |
| Debtor. : | Re: Docket No. 5 |
| : | |

**ORDER (A) APPROVING PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S ASSETS; (B) APPROVING FORM OF ASSET PURCHASE AGREEMENT; (C) SCHEDULING AUCTION AND HEARING TO CONSIDER APPROVAL OF SALE; (D) APPROVING PROCEDURES RELATED TO ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (E) APPROVING FORM AND MANNER OF NOTICE THEREOF; AND (F) GRANTING RELATED RELIEF**

Upon the Motion[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) (i) approving certain bidding procedures (the "Bidding Procedures") in connection with the Debtor's sale (the "Sale") of certain of its assets (as described more fully in the Motion and in the Asset Purchase Agreement, the "Acquired Assets"), (ii) approving the form of the asset purchase agreement (the "Asset Purchase Agreement") in connection with the Sale, substantially in the form attached as Exhibit 3 to the Motion, by and between Debtor GigaBeam Corporation and Midsummer Investment, Ltd., individually and as agent, or its assignee or designee (the "Purchaser") (iii) scheduling an auction (the "Auction") in connection with, and hearing (the "Sale Hearing") to consider approval of, the Sale, (iv) approving certain procedures (the "Cure Procedures") related

---

[1] The Debtor is GigaBeam Corporation, tax identification number **-***7757.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the Bidding Procedures (as defined below), as appropriate.

to the assumption of certain executory contracts and unexpired leases, (v) approving the form and manner of notice with respect to the foregoing and (vi) granting certain related relief, including approval of the Expense Reimbursement; and having considered any and all responses and objections to the Motion; and the Court having determined that, to the extent set forth herein, the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors and other parties in interest; due and appropriate notice of the Motion and the relief requested therein was provided by the Debtor, on the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtor's prepetition and postpetition lenders; (c) the parties included on the Debtor's consolidated list of twenty (20) creditors holding the largest unsecured claims; (d) any party which, to the best of the Debtor's knowledge, information and belief, has, in the past year, expressed in writing to the Debtor an interest in buying the Debtor's business and which the Debtor and its representatives reasonably and in good faith determine potentially have the financial wherewithal to effectuate the transactions contemplated by the Motion; (e) all parties which, to the best of the Debtor's knowledge, information and belief, have asserted a lien or security interest against any of the Acquired Assets; (f) all taxing authorities or recording offices which have a reasonably known interest in relief requested in the Motion; (g) all non-Debtor parties to the Assigned Contracts; and (h) all parties requesting notice pursuant to Local Rule 2002-1(b); and the remainder of the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

FOUND, CONCLUDED AND DECLARED THAT:[3]

A. This Court has jurisdiction over this matter and over the property of the Debtor and its bankruptcy estate pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

B. Notice of the hearing on the Motion and proposed entry of this Order has been provided to the Bidding Procedure Notice Parties. Under the circumstances, and in light of the relief requested in the Motion, requisite notice of the Motion and the relief requested thereby and this Order has been provided in accordance with Bankruptcy Rules 4001(c) and (d) and 9014, which notice is sufficient for all purposes under the Bankruptcy Code, including, without limitation, section 102(1) of the Bankruptcy Code, and no further notice of, or hearing on, the Motion or this Order is necessary or required.

C. The Debtor's proposed notices of (i) the Sale, (ii) the Sale Hearing, (iii) the Auction, (iv) the assumption and assignment of the Assumed Contracts and the Cure Procedures related thereto, (v) the Asset Purchase Agreement and the terms contained therein and (vi) the Bidding Procedures, in substantially the form of the Auction and Sale Notice attached hereto as Exhibit B, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of this Order, the Sale, the Auction, the assumption and assignment of the Assumed Contracts, the Asset Purchase Agreement and the Bidding Procedures to be employed in connection therewith.

D. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bidding Procedures. The Bidding

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

3

Procedures were negotiated in good faith by the Debtor and the Purchaser and are reasonable and appropriate.

E. The Purchaser has expended, and likely will continue to expend, considerable time, money and energy pursuing the Sale and has engaged in extended arms' length and good faith negotiations with the Debtor. The Asset Purchase Agreement is the culmination of these efforts.

F. Recognizing this expenditure of time, energy and resources, the Debtor has agreed to pay the Expense Reimbursement to the Purchaser on the terms and conditions set forth in the Asset Purchase Agreement.

G. The Expense Reimbursement is (i) a material inducement for, and condition of, the Purchaser's entry into the Asset Purchase Agreement and (ii) fair and reasonable in view of the fact that if the Expense Reimbursement is triggered, Purchaser's efforts will have substantially increased the chances that the Debtor will receive the highest or otherwise best offer for the Acquired Assets.

H. The Debtor has demonstrated a sound business justification for authorizing the payment of the Expense Reimbursement to the Purchaser under the circumstances set forth in the Asset Purchase Agreement and on the record of this chapter 11 proceeding.

I. The entry of this Order is in the best interest of the Debtor, its estate and creditors and other parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is granted to the extent set forth herein.

2. The Bidding Procedures attached hereto as <u>Exhibit A</u> are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed sale of the Acquired Assets; <u>provided</u>, <u>however</u>, that the terms of the Agreement shall remain subject to approval by the Court at the Sale Hearing. The Debtor is authorized to take any and all actions necessary to implement the Bidding Procedures.

3. All responses or objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court are overruled.

4. The Expense Reimbursement is hereby approved.

5. Subject to the conditions and limitations set forth in the Asset Purchase Agreement, in the event that the Asset Purchase Agreement is terminated, the Debtor shall pay the Expense Reimbursement to the Purchaser pursuant to the terms and conditions set forth in the Asset Purchase Agreement and without further order of this Court. The Debtor's obligation to pay the Expense Reimbursement shall constitute a superpriority administrative expense priority obligation under section 364(c)(1) of the Bankruptcy Code with priority over any and all expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code, subject only to any superpriority claims of the Debtor's post-petition lenders. The Purchaser shall not be entitled to the Expense Reimbursement if the Asset Purchase Agreement is terminated pursuant to Section 11.1(a) or Section 11.1(d) of the Asset Purchase Agreement.

6. The Expense Reimbursement shall be paid in Cash (as defined in the Asset Purchase Agreement), without further order of the Court only upon and contemporaneous with the Closing (as defined in the Asset Purchase Agreement) of an Alternate Transaction (as defined in the Asset Purchase Agreement).

7. A Qualified Bidder that desires to make a Bid shall deliver written copies of its bid to the following parties: (a) the Debtor, 4915 Prospectus Drive, Suite H, Durham, North Carolina 27713 (Attn: Samuel J. Lawrence); (b) proposed counsel to the Debtor, Ciardi Ciardi & Astin, 919 North Market Street, Suite 700, Wilmington, Delaware 19801 (Attn: Daniel K. Astin Esquire); (c) financial advisor to the Debtor, Focus Management Group, One Liberty Place, 1650 Market Street, Ste. 3600, Philadelphia, PA 19103 (Attn: John Bambach); (d) counsel to the Purchaser, Olshan Grundman Frome Rosenzweig & Wolosky LLP, 65 East 55th Street, New York, NY 10022 (Attn: Adam H. Friedman, Esquire), and Landis Rath and Cobb, LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Adam G. Landis, Esquire); (e) the Office of the United States Trustee; and (f) once it is formed, counsel to the Committee (collectively, the "Bidding Notice Parties"), not later than 4:00 p.m. (Eastern Time) on October 16, 2009 and shall comply with the requirements set forth in the Bidding Procedures for making such bid.

8. The Debtor shall have the right to reject any and all bids that it believes in its reasonable discretion, in consultation with any Committee, do not comply with the Bidding Procedures. The Purchaser's Bid as embodied in the Asset Purchase Agreement is deemed to be a Qualified Bid.

9. As further described in the Bidding Procedures, if a Qualified Bid other than Purchaser's Bid is timely received, the Auction will be held on October 21, 2009 at 10:00 a.m., and the Debtor shall notify the Bidding Notice Parties and all Qualified Bidders which have submitted a Qualified Bid and expressed their intent to participate in the Auction as to the time and place of the Auction designated by the Debtor not later than 4:00 p.m. (Eastern Time) on October 20, 2009.

6

10. The Purchaser is authorized to make one or more credit bids at the Auction equal to (i) the Expense Reimbursement plus (ii) any or all of the Purchaser's claims and outstanding obligations under the DIP Credit Agreement and the prepetition Credit Agreement, pursuant to section 363 of the Bankruptcy Code.

11. Not later than three (3) days after entry of this Order, the Debtor will cause the Auction and Sale Notice, in substantially the form attached hereto as <u>Exhibit B</u>, to be sent by first-class mail postage prepaid to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtor's prepetition and postpetition lenders; (c) the parties included on the Debtor's consolidated list of twenty (20) creditors holding the largest unsecured claims; (d) any party which, to the best of the Debtor's knowledge, information and belief, has, in the past year, expressed in writing to the Debtor an interest in buying its business and which the Debtor and its representatives reasonably and in good faith determine potentially have the financial wherewithal to effectuate the transactions contemplated by the Motion; (e) all parties which, to the best of the Debtor's knowledge, information and belief, have asserted a lien or security interest against any of the Acquired Assets; (f) all taxing authorities or recording offices which have a reasonably known interest in relief requested in the Motion; (g) all non-Debtor parties to the Assumed Contracts; (h) the Debtor's known creditors and interest holders; and (i) all parties requesting notice pursuant to Local Rule 2002-1(b).

12. Not later than seven (7) days after the entry of this Order, the Debtor shall cause the Publication Notice, in substantially the form attached hereto as <u>Exhibit C</u>, to be published in a periodical of reasonable circulation as determined by the Debtor. Such Publication Notice shall be sufficient and proper notice to any other interested parties, including those whose identities are unknown to the Debtor.

13. In addition, to facilitate the sale, assumption and assignment of any Assumed Contracts, the Debtor will serve the Assumption and Assignment Notice, in substantially the form attached hereto as <u>Exhibit D</u>, not later than five (5) days after the entry of this Order upon each counterparty to the Assumed Contracts and their known counsel, if any.[4] To the extent that the Purchaser is not the Successful Bidder and an alternative Successful Bidder is seeking to have certain Assumed Contracts assumed and assigned as part of an alternative transaction, the Debtor and the Successful Bidder shall provide financial information for the alternative bidder to all non-Debtor parties to such Assumed Contracts and their known counsel, if any, immediately following the Auction via facsimile or overnight delivery.

14. The Debtor will attach to the Assumption and Assignment Notice a schedule of cure obligations (the "<u>Cure Schedule</u>") for the Assumed Contracts. The Cure Schedule shall include a description of each Assumed Contract to be assumed and assigned to the Purchaser pursuant to the Asset Purchase Agreement, and the amount (the "<u>Cure Cost</u>"), if any, the Debtor believes is necessary to cure each such agreement pursuant to section 365 of the Bankruptcy Code. If no Cure Cost is listed in the Cure Schedule, the Debtor believes that there is no Cure Cost for such Assumed Contract. Unless the non-Debtor party to an Assumed Contract files an objection (a "<u>Cure Objection</u>") to its Cure Cost by October 23, 2009 at 4:00 p.m. (Eastern Time) (or in the event the Purchaser is not the Successful Bidder, at or prior to the Sale Hearing), and at the same time serves the Cure Objection upon all of the Bidding Notice Parties, such non-Debtor party to the Assumed Contract shall be: (a) forever barred from asserting any additional cure or other amounts with respect to the Assumed Contract, and the Debtor and the Successful Bidder will be entitled to rely solely upon the Cure Cost set forth in

---

[4] The Purchaser will provide the non-Debtor parties to the Assumed Contracts with financial information upon

8

the Assumption and Assignment Notice and the Cure Schedule included therein; (b) deemed to have consented to the Debtor's assumption and assignment of such Assumed Contract; and (c) forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder (i) that any additional amounts are due or other defaults exist, (ii) that additional conditions to assumption and assignment must be satisfied by the Debtor or the Successful Bidder or (iii) that there is any objection or defense with respect to the assumption and assignment of such Assumed Contract.

15. In the event that a Cure Objection is timely filed, such Cure Objection must set forth (i) the basis for the objection set forth therein, (ii) with specificity, the amount the party asserts as the appropriate Cure Cost, and (iii) appropriate documentation in support of its proposed Cure Cost. In the event that the Debtor and the non-Debtor party to the Assumed Contract cannot consensually resolve the Cure Objection, the Purchaser, the Successful Bidder or any other assignee will segregate any disputed Cure Costs pending the resolution of any such disputes by this Court or mutual agreement of the parties.

16. Hearings on Cure Objections may be held (a) at the Sale Hearing or (b) on such other date as this Court may designate, provided that if the subject Assumed Contract is assumed and assigned, the Cure Cost asserted by the objecting party (or such lower amount as may be fixed by this Court) shall be deposited and held in a segregated account by the Successful Bidder or any other assignee pending further order of this Court or mutual agreement of the parties.

17. The Debtor's decision to assume and assign Assumed Contracts is subject to Court approval and consummation of the Sale. Absent consummation of the Sale, each of the

---

written request to the Purchaser.

Assumed Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to further administration under the Bankruptcy Code.

19. Objections, if any, to the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules; (c) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801, on or before 4:00 p.m. (Eastern Time) on October 23, 2009 and (d) be served so as to be received no later than 4:00 p.m. (Eastern Time) on the same day upon the Bidding Notice Parties, provided, however, to the extent that the Purchaser is not the Successful Bidder and an alternative Successful Bidder is seeking to have certain Assumed Contracts assumed and assigned as part of an alternative transaction, the non-Debtor parties to such Assumed Contracts shall have until the Sale Hearing to raise objections to the sale to the alternative Successful Bidder including, without limitation, to the timing and sufficiency of the adequate assurance of future performance, including as to the timing of adequate assurance of future performance.

20. The Sale Hearing shall be held before this Court on October 27, 2009 at 9:30 a.m. (Eastern Time). The Sale Hearing may be adjourned, from time to time, without

further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

21. The Auction and Sale Notice, Publication Notice and Assumption and Assignment Notice to be issued in connection with the Sale, substantially in the form of the notices annexed hereto as <u>Exhibits B, C and D</u> respectively, are approved.

22. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

23. As provided by Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for ten (10) days after the entry thereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

24. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bidding Procedures.

Dated: Sept 14, 2009
Wilmington, Delaware

The Honorable Mary F. Walrath
United States Bankruptcy Judge